Alan Nisselson (anisselson@windelsmarx.com)
*Chapter 7 Trustee*
WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000 / Fax. (212) 262-1215
Attorney appearing:

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| In re | |
|---|---|
| Villavera Capital, LLC, | Chapter 7 |
| | Case No. 1-22-42786-nhl |
| Debtor. | |

## TRUSTEE'S AD HOC NO DISTRIBUTION REPORT

Alan Nisselson (the "**Trustee**") trustee for the chapter 7 estate of Villavera Capital, LLC ("**Debtor**", or "**VC**"), submits this Ad Hoc No Distribution Report to advise the funds collected by the Trustee were abandoned to the Debtor.

1. On November 4, 2022 (the "**Petition Date**"), the Debtor, Villavera Capital Fund, LP ("**VCF**"), Case No, 1-22-42787-nhl and Villavera Capital Management, LLC ("**VCM**", and with VC and VCF, the "**Debtors**"), Case No, 1-22-42788-nhl filed in this Court voluntary petitions for relief under chapter 7 of Title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"), by its attorneys, Halperin Battaglia Benzija LLP.

2. Thereafter, pursuant to Bankruptcy Code § 701(a), the United States Trustee appointed the Trustee, as trustee of the Debtor's Estate, as well as for the VCF and VCM estates.

3. The Debtors were formed in or about May 2021 to operate as a cryptocurrency hedge fund.

4. The US Attorney's office for the Southern District of New York (the "**US Attorney**") advised the Trustee it was conducting an investigation of the Debtors and indicated they could seek forfeiture of the Debtors' assets.

5. The Trustee had identified a significant pre-Petition Date transfer (the "**Transfer**") made by VC that appeared to be avoidable and requested permission from the US Attorney to pursue the transfer.

6. Unfortunately, the Trustee never received permission from the US Attorney to pursue the Transfer.

7. On November 3, 2024, the deadline to commence avoidable transfer actions expired.

8. Shortly after the Petition Date, VC had turned over the balance in its accounts to the Trustee.

9. The Trustee determined that, the balance of funds collected for the Debtor's Estate, which as of as of November 2024 $5,298.45 (the "**Funds**"), was insufficient to provide for a distribution to VC's creditors or to fund any further VC Estate activity. The Trustee determined that the Funds are of inconsequential value and burdensome to the Estate and should be returned to the Debtor

10. On December 4, 2024, the Trustee filed a notice the ("**Abandonment Notice**") pursuant to Bankruptcy Code § 554, Rule 6007(a) of the Federal Rules of Bankruptcy Procedure and Rule 6007-1 of the Local Bankruptcy Rules to abandon (the "**Abandonment**") the Funds, less any charges that may be incurred pending the Abandonment. (Dkt. No. 32).

11. No objections to the Abandonment Notice were filed or received by the Trustee.

12. On January 22, 2025, the Trustee turned over the Funds to the Debtor.

      13.      On March 6, 2025, the check for the turnover of the Funds was negotiated.

Dated: New York, New York     Alan Nisselson, *Chapter 7 Trustee*
       March 10, 2025

                                        /s/ Alan Nisselson
                                        By: Alan Nisselson (anisselson@windelsmarx.com)
                                        WINDELS MARX LANE & MITTENDORF, LLP
                                        156 West 56th Street
                                        New York, New York 10019
                                        Telephone: (212) 237-1000